**[J-35-2021] [MO:Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


| | | |
|---|---|---|
| UNITED BLOWER, INC. | : | No. 3 MAP 2021 |
| | : | |
| | : | Appeal from the Order of |
| v. | : | Commonwealth Court at No. 1383 |
| | : | CD 2019 dated July 13, 2020 |
| | : | Affirming the Order of the Lycoming |
| LYCOMING COUNTY WATER AND | : | County Court of Common Pleas, |
| SEWER AUTHORITY | : | Civil Division, dated August 20, 2019 |
| | : | at Nos. CV-15-00619 & CV-15- |
| G.M. MCCROSSIN, INC. | : | 00623. |
| | : | |
| | : | ARGUED:  May 18, 2021 |
| v. | : | |
| | : | |
| | : | |
| LYCOMING COUNTY WATER AND | : | |
| SEWER AUTHORITY | : | |
| | : | |
| | : | |
| APPEAL OF:  LYCOMING COUNTY | : | |
| WATER AND SEWER AUTHORITY | | |


<u>**CONCURRING AND DISSENTING OPINION**</u>


**CHIEF JUSTICE BAER**                                 **DECIDED:  September 22, 2021**

In this case of first impression, I concur in part with and dissent in part from the majority's application of the term "cost" as used in the Pennsylvania Steel Products Procurement Act ("Act"), 73 P.S. §§1881-1889.  I specifically concur with the majority to the extent it refuses to permit the subcontractor, United Blower, Inc. ("UBI"), and the general contractor, G.M. McCrossin, Inc. ("McCrossin"), to employ a 10% deduction for domestic overhead (including shipping and warehousing costs) incurred in the procurement of foreign steel components used in the blower and blower assemblies

("blower systems") installed in Lycoming County Water and Sewer Authority's ("Authority") project at issue in this case. Respectfully, I part ways with my colleagues in formulating the denominator of the fraction used to determine whether the product constitutes a "United States steel product" as set forth in Section 1886 of the Act, 73 P.S. § 1886. As explained below, rather than utilizing the amounts paid by UBI to its foreign and domestic suppliers as held by the majority or the amount paid by the Authority to McCrossin as advocated by UBI and McCrossin, I conclude that the language of the Act supports utilizing the amount paid by McCrossin to UBI as the denominator, as originally found by the hearing officer in this case.[1]

As the majority accurately explains, Section 1884 mandates the following in regard to public agency contracts utilizing steel products:

> Every public agency shall require that every contract document for the . . . repair, improvement or maintenance of public works contain a provision that, if any steel products are to be used or supplied in the performance of the contract, only steel products as herein defined shall be used or supplied in the performance of the contract or any subcontracts thereunder.

73 P.S. § 1884. "Steel products," in turn, are defined by Section 1886 as "[p]roducts . . . fabricated . . . from steel made in the United States . . . and shall include machinery and

---

[1] I acknowledge that rejection of the 10% deduction for domestic overhead results in the project violating the Act because the agreed cost of the foreign components paid by UBI to its suppliers ($67,340) exceeds the 25% limit on foreign steel costs regardless of which amount is used as the denominator. Specifically, my use of the amount paid by McCrossin to UBI ($239,800) would result in 28.1% foreign steel costs, while use of the amount paid by the Authority to McCrossin ($243,505) results in 27.7% foreign steel costs. Moreover, we can presume that the amount paid by UBI to its suppliers for all components would be less than the amount it charged to McCrossin for the finished product, such that use of the amount paid by UBI for all components as the denominator, under the majority's holding, would result in an even higher percentage of foreign steel costs.

equipment . . . made of, fabricated from, or containing steel components." *Id.* § 1886. Importantly, Section 1886 further explains that "[i]f a product contains both foreign and United States steel, such product shall be determined to be a United States steel product only if at least 75% of the cost of the articles, materials and supplies have been mined, produced or **manufactured**, as the case may be, in the United States." *Id.* (emphasis supplied).

The focus of these provisions is on the "cost of the articles, materials and supplies" of the "product" "supplied in the performance of contract" to the public agency. 73 P.S. §§ 1884, 1886. In this case, the products supplied in the contract to the public agency are the blower systems eventually installed at the Authority's water treatment project. The blower systems were supplied by UBI, a "Georgia-based company that provides engineering, fabrication, assembly, and testing services." Cmwlth Ct. Mem. Op. at 5. In supplying the product, UBI assembled various domestic and foreign components into the final product installed. Adjudication of the Hearing Officer, CV-15-00623, CV-15-00619, dated Dec. 6, 2017, at 5 (detailing components of the product); 9 (observing that "UBI performed work to assemble those components into the systems that were ultimately delivered to the Authority"). This assembly is part of the cost of manufacturing the product eventually installed at the Authority's project.

Utilization of only the cost of the components paid by UBI to its suppliers as the denominator of the Section 1886 fraction fails to account for the cost of the fully manufactured product "used or supplied in the performance of the contract," as required by Section 1884. I conclude that the cost of the blower systems also includes the costs incurred by UBI in "**manufactur[ing]**" "the articles, materials and supplies" into the finished product, costs which are reflected in the amount charged by UBI to McCrossin. 73 P.S. § 1886. Accordingly, I dissent from the use of the amount charged to UBI for the

components as the denominator of the fraction mandated by Section 1886 and would instead utilize the amount charged by UBI to McCrossin as the denominator.[2]

---

[2] I, nevertheless, agree with the majority's rejection of the use of the amount charged by McCrossin to the Authority as the denominator. As the hearing officer below observed, the use of the amount charged by the general contractor allows for the potential mischief of the general contractor marking up the bill to the public agency, which, when included as the denominator, would reduce the percentage due to foreign costs, thus artificially bringing the product into compliance with the Act. *See* Adjudication of the Hearing Officer, at 12.